IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY DAVID THOMAS ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-09-1045-M |
| v. | ) | |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for leaving the scene of an accident with personal injury and driving under the influence, both after prior felony convictions, entered pursuant to his guilty plea in the District Court of Oklahoma County, Case No. CF-2006-6820. Petitioner is serving concurrent ten-year terms of imprisonment entered in this case. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed without prejudice upon filing for failure to exhaust available state remedies.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See 28 U.S.C. §2254(b)(1); Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982). A habeas petitioner satisfies the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court" or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), cert. denied, 506 U.S. 924 (1992). A habeas petition containing unexhausted claims is subject to dismissal unless the petitioner establishes that a recognized exception to the exhaustion requirement applies to excuse the lack of exhaustion. Miranda, 967 F.2d at 398; accord, Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995), cert. denied, 517 U.S. 1223 (1996); White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988).

In ground one of the Petition, Petitioner asserts that he was denied effective assistance of counsel because his defense counsel "failed to follow her constitution [sic] duty to file and [sic] appeal unless specificly [sic] told not to ..." and "failed to investigate into the clients [sic] wishes or meet with the defendant to properly clearify [sic] the clients wish's [sic]." In ground two, Petitioner asserts that he was denied effective assistance of counsel because his defense counsel failed to investigate mitigating evidence. In ground three, Petitioner asserts that he was denied effective assistance of counsel because his "counsel knowingly

enter [sic] clients [sic] case with a guilty plea in mind" and "stood silent at sentence [sic]." In ground four, Petitioner contends that he was denied effective assistance of counsel because his defense counsel failed to investigate the improper use of prior felony convictions to enhance Petitioner's sentences.

According to Petitioner, he pled guilty and was sentenced in Case No. CF-2006-6820 on February 15, 2009. Because Petitioner entered a guilty plea, he had ten days from the date the judgment and sentence was pronounced to move to withdraw the plea. Rule 4.2(A), <u>Rules of the Oklahoma Court of Criminal Appeals</u>, Okla. Stat. tit. 22, ch. 18, App. A petition for a writ of certiorari must be filed in the Oklahoma Court of Criminal Appeals within ninety days from the date the plea-based conviction was entered. Okla. Stat. tit. 22, §1051(a). In his Petition, Petitioner admits that he did not timely appeal the convictions entered in Case No. CF-2006-6820. Petition, at 3. However, despite Petitioner's failure to follow the proper procedures for appealing the convictions, in certain circumstances Oklahoma prisoners such as Petitioner have another post-conviction remedy available to them under the Post-Conviction Procedure Act, codified at Okla. Stat. tit. 22, §§ 1080 - 1089.7. Petitioner asserts that he sought post-conviction relief by filing an application for post-conviction relief in the District Court of Oklahoma County in February 2009 and raised an issue of "eneffective [sic] counsel." However, Petitioner has not provided a copy of this pleading or described the factual basis for his claim(s) of ineffective assistance of counsel. Petitioner asserts only that the district court "denied" the application on June 30, 2009. Petitioner asserts that he appealed the decision entered in his post-conviction proceeding, but he

provides no further information concerning the issue or issues raised in the post-conviction appeal or its resolution, if any. Petitioner has not alleged, nor do his pleadings demonstrate, that he has exhausted this post-conviction remedy by pursuing all of the claims raised in his Petition before the state district court and the Oklahoma Court of Criminal Appeals.

Because the face of the instant Petition indicates Petitioner did not exhaust available state court remedies with respect to the challenged convictions prior to filing his habeas Petition, Petitioner was directed to show cause why the Petition should not be dismissed without prejudice due to his failure to exhaust state remedies as required by 28 U.S.C. §2254(b)(1). In his responsive "Repliey" [sic] filed November 10, 2009, Petitioner admits that the Oklahoma Court of Criminal Appeals has not resolved his post-conviction appeal. (Doc. # 11, at 8). He provides no information regarding the issue or issues raised in his post-conviction appeal. In any event, Petitioner asserts that his failure to exhaust his state court remedies should be excused because he has been forced to rely on the advice of an attorney employed by the private prison where he is incarcerated. However, Petitioner has no constitutionally-protected right to the assistance of counsel in a post-conviction proceeding. See Coleman v. Thompson, 501 U.S. 722, 756-757 (1991). Therefore, the ineffective assistance of post-conviction counsel is not grounds for excusing his failure to exhaust available state court remedies.

Petitioner "bears the burden of showing that he has exhausted available state remedies." Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995), cert. denied, 517 U.S. 1223 (1996). In his responsive pleading to the referenced show cause Order, Petitioner

asserts that he has been warned not to file further pleadings in the state district court. Petitioner may be attempting to argue it would be futile to require him to exhaust state remedies because there is no adequate state mechanism available to him.  See Beaver v. Saffle, 216 F.3d 918, 924 n. 3 (10th Cir. 2000)("'An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.'")(quoting Duckworth v. Serrano, 454 U.S. 1, 3 (1981)(per curiam))).

Petitioner has attached to his Petition a copy of an application for post-conviction relief purportedly authored, but not signed, by Petitioner and bearing an Oklahoma County District Court file-stamped date of December 22, 2008. Petition, Ex. 2. Petitioner has also attached to his Petition a copy of a letter signed by Petitioner and directed to the "Court Clerk of Western District."  Petition, Ex. 5.  In this letter, Petitioner indicates that he "missed my deadline" for filing an unidentified pleading in the Oklahoma Court of Criminal Appeals. Petition, Ex. 5.  Petitioner has attached to his response to the show cause Order copies of (1) a "Petition for Judgement" signed by Petitioner and bearing an Oklahoma County District Court file-stamped date of June 8, 2009, (2) a "Motion to Modify Sentence Nunc Pro Tunc" signed by Petitioner and bearing an Oklahoma County District Court file-stamped date of September 17, 2009, (3) the district court's Order Denying Application for Modification of Sentence without Necessity of Hearing entered September 21, 2009, and (4) a  "Petition for Writ of Mandamus/ Nunk [sic] pro-tunk" purportedly authored by Petitioner but not bearing a court file stamp.  These pleadings do not demonstrate that Petitioner has exhausted

available state court remedies or that it would be futile to require Petitioner to exhaust his available state court remedies. Therefore, the 28 U.S.C. § 2254 Petition should be dismissed without prejudice on the ground that Petitioner has not exhausted available state court remedies concerning the issues presented in his Petition.

Petitioner's demand for relief in his Petition includes a request for monetary damages for "confindment [sic] at higher security level prison ...." and for "cilivil [sic] right vilation [sic] by aterney [sic]." This demand is construed as a 42 U.S.C. § 1983 claim seeking damages for unlawful confinement. In a § 1983 action by a state prisoner seeking damages, the reviewing court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the prisoner's] conviction or sentence; if it would, the complaint must be dismissed unless the [prisoner] can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Petitioner's claim seeking damages for his unlawful confinement "necessarily impl[ies] the invalidity" of his convictions entered in Case No. CF-2006-6820. Under these circumstances, "habeas corpus is the exclusive remedy" for his claims because Petitioner has not shown that his convictions have previously been invalidated. Id. at 481. Thus, to the extent Petitioner asserts a 42 U.S.C. § 1983 claim seeking damages, this claim is premature and should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice due to Petitioner's failure to exhaust available state court remedies. It is further recommended that Petitioner's 42 U.S.C. § 1983 claim for relief seeking damages be DISMISSED without prejudice on the basis that it is premature. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by December 7th, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 17th day of November, 2009.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE